<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| FRANCINE BAILEY, | |
| Plaintiff, | Civil Action No. 24-11474 (SDW) (JBC) |
| v. | **OPINION** |
| ONE STOP CAREER CENTER, *et al.*, | November 24, 2025 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is Defendants Universal Protection Service, LLC d/b/a Allied Universal

Security Services ("Allied Universal") and Andre Rivera's ("Rivera") Motion to Dismiss (D.E. 43

("Motion"))[1] Plaintiff Francine Bailey's ("Plaintiff") Amended Complaint (D.E. 30 ("AC")).

Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367(a).  Venue is proper pursuant to 28

U.S.C. § 1391.  This opinion is issued without oral argument pursuant to Federal Rule of Civil

Procedure ("Rule") 78.  For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Francine Bailey, a Black and visually impaired woman, started her job as a

Clerical Assistant at the One Stop Career Center ("One Stop") in Hackensack, New Jersey, on

December 8, 2022.  (AC ¶ 22.)  Plaintiff was employed and paid as a part of the "55 Plus" program

operated by Easterseals of New Jersey, Inc. ("Easterseals"), a nonprofit organization whose

---

[1] Defendants Allied Universal and Rivera joined the Motion to Dismiss filed by co-Defendants Elizabeth
Astwood and Easterseals and adopted their arguments.  (D.E. 41.)  Plaintiff dismissed her claims against
Defendants Astwood and Easterseals with prejudice, leaving Allied Universal and Rivera as Defendants.
(D.E. 49.)

primary mission is to enhance the lives of children and adults with disabilities or other special needs. (*Id.* ¶¶ 6, 22; D.E. 41-1 at 1.) This lawsuit arises from her interactions with a security officer working at One Stop and experiences with her supervisors from Easterseals and One Stop. (*See generally* AC ¶¶ 22–45.)

Rivera, an armed security officer employed by Allied Universal and working at One Stop, maintained a pattern of hostile behavior towards Plaintiff, frequently making degrading comments about Black and Hispanic people in front of her. (*Id.* ¶¶ 24–25.) In one instance, Rivera yelled at a Black client and used the phrase "you people" to refer to Black individuals, then became aggressive toward Plaintiff. (*Id.* ¶ 28.) Plaintiff felt "terrified" and reported the incident to her One Stop supervisor, Viviana Mastrobuoni ("Mastrobuoni"). Following her complaints, Mastrobuoni moved Plaintiff from the first floor of the One Stop facility, which resulted in Plaintiff losing access to the specialized equipment necessary for her visual impairment. (*Id.* ¶¶ 23–24, 29.)

In April and July 2024, Rivera filed two separate false complaints against Plaintiff to One Stop and Allied Universal, claiming that Plaintiff was "stalking" him around the building. (*Id.* ¶ 30.) After Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in April 2024, Rivera referred to her as "that black bitch" and implied that Allied Universal was immune from lawsuits due to its vast resources. (*Id.* ¶ 31.) Additionally, Plaintiff was increasingly ostracized by her colleagues following her EEOC Complaint and barred from accessing the first floor, causing additional difficulties for her to navigate the building as a visually impaired woman. (*Id.* ¶¶ 35–36.) On December 31, 2024—just weeks after being informed that One Stop would stop accepting Easterseals employees in 2025—Plaintiff was terminated from her role at One Stop. (*Id.* ¶ 37.)

Plaintiff filed her first complaint on December 27, 2024.  (D.E. 1.)  On April 4, 2025, this Court signed an Order dismissing Defendants One Stop, the New Jersey Department of Labor, and Viviana Mastrobuoni with prejudice, per a joint Stipulation of Dismissal.  (D.E. 29).  On April 21, 2025, Plaintiff filed an Amended Complaint with leave of Court and Defendants' consent.  (D.E. 30).  The Amended Complaint brings six counts which include discrimination, hostile work environment, failure to provide reasonable accommodation, retaliation, and interference under the Americans with Disabilities Act, Section 1981, and the New Jersey Law Against Discrimination. (*Id.* ¶¶ 46–85.)[2]  Defendants Easterseals and Elizabeth Astwood filed the present Motion on June 5, 2025, arguing that Plaintiff fails to state a claim.  (D.E. 41.)  The parties timely completed briefing, and the Motion is ripe for adjudication.  (D.E. 43, 47, 51.)

## II.    LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* Determining whether allegations are plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the]

---

[2] Some of these claims are brought as multiple counts against different groups of Defendants and under different provisions of law.  Counts One, Two, Five, and Six were claims or contained arguments made only against Easterseals, who has been dismissed as a Defendant.  (AC ¶¶ 46–56, 73–85.)

3

plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichik*, 605 F.3d 223, 229 (3d Cir. 2010). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## III.    DISCUSSION

Plaintiff alleges violations of three statutes: The Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq.* ("NJLAD"). Defendants contend that Plaintiff's claims fail because 1) she is not an employee of Allied Universal, Easterseals, or One Stop; 2) there is no contract between Easterseals and Allied Universal; 3) Plaintiff did not exhaust her administrative remedies; and 4) Plaintiff did not assert a separate aiding and abetting theory against Rivera as an individual. (D.E. 51 at 1–4.) The Amended Complaint is dismissed for failure to state a claim under Rule 12(b)(6).

### A.  ADA and NJLAD claims

The claims arising under the ADA and NJLAD all require a pre-existing employer-employee relationship between the parties—one that does not exist between Plaintiff and Easterseals or Plaintiff and Allied Universal. *See Eshleman v. Patrick Indus.*, 961 F.3d 242, 245 (3d Cir. 2020) (stating that the ADA prohibits discrimination against qualified *employees* based on their disabilities); *7-Eleven, Inc. v. Sodhi*, No. 13-3715, 2016 WL 3085897, at *7 (D.N.J. May 31, 2016), *aff'd*, 706 F. App'x. 777 (3d Cir. 2017) (holding that the defendants' NJLAD counterclaim for employment discrimination failed because the defendant was not the plaintiff's

employee).  Plaintiff was a part of Easterseals' Senior Community Service Employment Program ("SCSEP"), also known as the "55 Plus" program.  (AC ¶ 22; D.E. 41-1 at 3.)  Federal courts have held that SCSEP participants are not "employees", and the nonprofit organizations administering the program are not "employers".  *See Tierney v. Geisinger Sys. Servs.*, No. 20-3327, 2021 WL 3137950, at *1 (3d Cir. July 26, 2021) (labeling the SCSEP as a "support training program"); *Knight v. Womanspace E., Inc.*, No. 2:24-cv-498, 2024 WL 5119342 at *4 (W.D. Pa. Dec. 16, 2024) ("The Court agrees with cases holding that participation in a SCSEP program does not create an employment relationship… SCSEP participants should not be considered employees of grantees and national sponsors…").

Federal regulations state that SCSEP participants "are not considered Federal employees solely as a result of their participation in the SCSEP." 20 C.F.R. § 641.585(a).  Legislative history from Senate reports also "reaffirms that participants in the [SCSEP] are enrollees in a work experience program. They are not employees of the U.S. Department of Labor or State and national sponsors administering the [SCSEP]." *See* S. REP. No. 102-397, at 15 (1992).

Here, Plaintiff has failed to plead the existence of an adequate employment relationship to sustain a cause of action under the ADA or the NJLAD.  SCSEP administrators, such as Easterseals, have specific program participation requirements, but those requirements do not create an employment relationship between the parties, such that Plaintiff cannot be considered an employee of Easterseals as a matter of law.  Though Plaintiff argues that she has a claim against Allied Universal and Rivera as non-employer third parties who aided and abetted employment discrimination by her employer, because Easterseals was not her employer, there is no way Allied Universal and Rivera could have aided and abetted its employment discrimination.  Thus, Plaintiff's claims against Allied Universal also fail.

Moreover, to hold an individual liable for facilitating an NJLAD violation, a plaintiff must include a separate "aiding and abetting" cause of action in the complaint. *See Clayton v. City of Atl. City*, 722 F. Supp. 2d 581, 591 (D.N.J. Jun. 30, 2010) (dismissing the plaintiff's NJLAD claims against the individual defendants because the plaintiff failed to explicitly assert an aiding or abetting claim). Here, the NJLAD claims against Rivera must be dismissed because Plaintiff did not plead a separate "aiding and abetting" claim in either the original or the Amended Complaint. Accordingly, the ADA and NJLAD claims must be dismissed.

**B. Section 1981 claim**

Section 1981 prohibits all racial discrimination in making public and private contracts. *Runyon v. McCrary*, 427 U.S. 160, 168 (1976); *McGovern v. City of Philadelphia*, 554 F.3d 114, 120 (3d Cir. 2009) ("[T]he Supreme Court held that § 1981 prohibited intentional racial discrimination in private, as well as public, contracting"). To state a claim under Section 1981, a plaintiff must allege that (1) she belongs to a racial minority, (2) defendants intentionally discriminated against her based on her race, (3) the discrimination concerned one or more of the activities listed in the statute, including the right to make and enforce contracts. *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 569 (3d Cir. 2002). A Section 1981 plaintiff who is a third-party beneficiary of a contract must (1) have or would have had a legally enforceable right under the existing or proposed contract and (2) demonstrate that the right is impaired due to racial discrimination. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Under New Jersey law, a third-party beneficiary may enforce a contract only if he is an "intended beneficiary, rather than a mere incidental beneficiary." *Villegas v. Corr. Med. Servs., Inc.,* No. 14-7337, 2016 WL 3708218, at *2 (D.N.J. July 12, 2016).

Here, Plaintiff does not allege that she had a contractual relationship with Defendants Allied Universal or Rivera, but that she was a third-party beneficiary of an alleged contract between (1) Allied Universal and Easterseals or (2) Allied Universal and One Stop, because she was meant to be protected by the security services of Allied Universal and its agents. The Amended Complaint does not contain facts to support that there is contractual language to make Plaintiff an intended beneficiary in the contract between these parties. Accordingly, Plaintiff's Section 1981 claims against Defendants Allied Universal and Rivera under a third-party beneficiary theory must be dismissed.

## IV.    CONCLUSION

For the reasons stated above, Defendants' Motion is **GRANTED**. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file a Second Amended Complaint. Failure to timely file a Second Amended Complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        James B. Clark, U.S.M.J.