**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

September 30, 2026

Robert Wisniewski
17 State Street
Suite 820
New York, NY 10004
*Counsel for Plaintiff*

Andrew J. Heck
Wilson Elser Moskowitz Edelman & Dicker LLP
7 Giralda Farms
Madison, NJ 07940
*Counsel for Defendant Universal Protection Service LLC d/b/a Allied Universal Security Services*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:** ***Bailey v. One Stop Career Center, et al., Civ. No. 24-11474 (SDW) (JBC)***

Counsel:

Before this Court is Defendant Universal Protection Service LLC d/b/a Allied Universal Security Services' ("Allied Universal" or "Allied") Motion to Dismiss (D.E. 63) Plaintiff Francine Bailey's ("Plaintiff") Second Amended Complaint (D.E. 54 ("SAC")), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Opinion is issued without oral argument pursuant to Rule 78. For the reasons set forth herein, Allied Universal's Motion to Dismiss is **GRANTED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

[1] The parties may refer to this Court's November 24, 2025 Opinion dismissing the First Amended Complaint without prejudice for a complete recitation of the factual background. The facts alleged herein are drawn

Plaintiff Francine Bailey is an African American individual with a visual impairment who participated as a trainee in Easterseals'[2] "55 Plus" Program, which provides older workers with training to help them re-enter the workforce. (SAC ¶¶ 4–5.) Through the program, Plaintiff was assigned to the One Stop Career Center ("One Stop") in Hackensack, New Jersey, where she worked as a clerical assistant. (*Id.* ¶¶ 6, 17.) In that role, Plaintiff reported to two supervisors: Elizabeth Astwood ("Astwood"), a supervisor at Easterseals, and Viviana Mastrobuoni ("Mastrobuoni"), a manager at One Stop. (*Id.* ¶ 18.)

During her assignment, Plaintiff alleges she was subjected to discrimination and harassment by Andre Rivera ("Rivera"), a security guard employed by Allied Universal, the company that provided security for the One Stop building. (*Id.* ¶¶ 26–27.) Rivera was stationed near Plaintiff's desk, and Plaintiff's interactions with him were hostile from the outset. (*Id.* ¶ 27.) Rivera frequently made inappropriate, derogatory comments about African American and Hispanic individuals in her presence, and that essential documents and papers repeatedly went missing from her desk—conduct Plaintiff suspects Rivera engaged in to get her in trouble. (*Id.* ¶ 27–28.) In September 2023, Rivera's hostility escalated when he yelled at a One Stop client and made degrading comments about African American individuals in Plaintiff's presence. (*Id.* ¶ 30.)

After Plaintiff reported Rivera's conduct to her supervisor Mastrobuoni, Plaintiff's desk was relocated on April 15, 2024, to another area of One Stop that did not have the specialized equipment required to accommodate her visual impairment. (*Id.* ¶ 31.) Although Plaintiff raised concerns about the new workstation, she was not provided with the necessary equipment. (*Id.*) In April and July 2024, Rivera filed complaints with One Stop and Allied Universal, accusing Plaintiff of stalking him at the One Stop building. (*Id.* ¶ 32.)

On April 26, 2024, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against One Stop and on May 1, 2024, she amended her EEOC Charge. (*Id.* ¶ 34–35; D.E. 41-3 at 19–22.) After filing with the EEOC, Plaintiff experienced increased ostracism from One Stop staff and encountered additional difficulties navigating the One Stop building as a visually impaired individual. (SAC ¶¶ 38–39.) Moreover, Astwood learned of the EEOC filing and repeatedly pressured her to withdraw the complaint. (*Id.* ¶ 37.) On December 31, 2024, Astwood abruptly terminated Plaintiff from Easterseals. (*Id.* ¶ 41.)

On November 24, 2025, this Court dismissed Plaintiff's Amended Complaint without prejudice, holding that Plaintiff failed to establish an employer-employee relationship to support her claims under the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD"), and failed to plead that she was a third-party beneficiary of a contract sufficient to support her claim under Section 1981 of the Civil Rights Act of 1866 ("Section 1981"). (D.E. 52.) This Court granted Plaintiff thirty days to file a Second Amended Complaint.

---

from the Second Amended Complaint and related exhibits, including Defendants' previously submitted exhibits reflecting Plaintiff's initial and amended EEOC Charges. (D.E. 54, 41-3.)

[2] Easterseals is a nonprofit organization providing caregiving and support services across disabilities and stages of life. Easterseals, About Us, https://www.easterseals.com/about-us (last visited Sept. 29, 2026).

(*Id.*) On December 24, 2025, Plaintiff filed a six-count Second Amended Complaint only against Defendant Allied Universal, again asserting claims under the ADA, NJLAD, and Section 1981. (D.E. 54.) On March 9, 2026, Allied Universal moved to dismiss, and timely briefing ensued[3]. (D.E. 63, 66, 69.)

## II. LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether allegations are plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichik*, 605 F.3d 223, 229 (3d Cir. 2010). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A. ADA and NJLAD Claims

Claims under the ADA and NJLAD require a pre-existing employee-employer relationship between the parties. *Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 547 (D.N.J. 2000) (explaining that the ADA prohibits discrimination by "covered entities", which include employers and employment agencies); *Greenman v. City of Hackensack*, 486 F. Supp. 3d 811, 830 (D.N.J. 2020) ("'[T]he LAD was intended to prohibit discrimination in the context of an employer/employee relationship," . . . and that the absence of an employment relationship between a plaintiff and a defendant will preclude liability.")).

Here, an employer-employee relationship has never existed between Plaintiff and Allied Universal. Plaintiff does not allege that Allied was her employer; instead, she alleges that she is employed by One Stop through the 55 Plus program. (SAC ¶¶ 5, 17.) By Plaintiff's own account,

[3] On April 1, 2026, Plaintiff moved under Rule 60(b)(1) to reopen the case against Defendants One Stop, New Jersey Department of Labor ("NJDOL"), and Mastrobuoni, even though the parties had stipulated to dismiss those Defendants on April 4, 2025. (D.E. 29, 70–74.) On May 22, 2026, Plaintiff withdrew this Motion with prejudice. (D.E. 84.)

Allied's role was limited to providing security guards and metal detectors at the One Stop building. (*Id.* ¶ 10.) Accordingly, Counts One, Two, Three, and Five of the Second Amended Complaint must be dismissed.

Count Six of the Second Amended Complaint asserts NJLAD liability against Allied under an aiding and abetting theory, alleging that Allied and Rivera aided and abetted One Stop's discriminatory practices. (*Id.* ¶ 90.) This claim also fails because the NJLAD does not impose individual liability on non-supervisory employees. *Ivan v. Cnty. of Middlesex*, 595 F. Supp. 2d 425, 462 (D.N.J. 2009) (citing *Tyson v. CIGNA Corp.*, 918 F. Supp. 836, 840 (D.N.J. 1996)). Here, Plaintiff does not allege that Rivera was her supervisor; rather, Plaintiff identifies Astwood and Mastrobuoni as her supervisors. (SAC ¶ 18.) Accordingly, Count Six against Allied independently fails.

Moreover, Plaintiff has failed to exhaust her administrative remedies on her ADA claims because she never filed an EEOC Charge against Allied. The ADA requires a plaintiff to exhaust their administrative remedies, by filing a charge with the EEOC or an equivalent agency, before bringing a civil action. *Phillips v. Sheraton Soc'y Hill*, 163 F. App'x 93, 94 (3d Cir. 2005). Because this exhaustion requirement is central to the ADA's statutory scheme, non-exhaustion may warrant dismissal for failure to state a claim. *Id.*; *Simko v. United States Steel Corp*, 992 F.3d 198, 206 (3d Cir. 2021) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976)). Here, neither Plaintiff's initial EEOC Charge nor her amended Charge names Allied as a respondent or alleges any misconduct by Allied. (D.E. 41-3 at 19–22.) Accordingly, Plaintiff has not exhausted her administrative remedies as to Allied Universal, and her ADA claims must be dismissed.

B. Section 1981 Claim

Section 1981 prohibits all racial discrimination in the making and enforcement of public and private contracts. *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). To state a claim under Section 1981, a plaintiff must allege that: (1) they are a member of a racial minority; (2) the defendant intentionally discriminated against them on the basis of race; and (3) the discrimination implicated one or more of the activities protected by the statute, including the right to make and enforce contracts. *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 569 (3d Cir. 2002) (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)). Section 1981 provides relief only when racial discrimination prevents the formation of a contractual relationship or impairs an existing one. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("Any claim brought under § 1981, therefore, must initially identify an impaired "contractual relationship," § 1981(b), under which the plaintiff has rights.").

Under New Jersey law, a third-party beneficiary may enforce a contract only if they are an "intended beneficiary, rather than a mere incidental beneficiary." *Villegas v. Corr. Med. Servs., Inc.*, No. 14-7337, 2016 WL 3708218, at *2 (D.N.J. July 12, 2016) (citing *Rieder Communities, Inc. v. Twp. of N. Brunswick*, 546 A.2d 563, 566 (N.J. App. Div. 1988)). Members of the public generally may not sue as third-party beneficiaries of government contracts without specific

contractual language conferring that right. *Jama v. U.S. I.N.S.*, 334 F. Supp. 2d 662, 687 (D.N.J. 2004) (citing *Nguyen v. U.S. Cath. Conf.*, 719 F.2d 52, 55 (3d Cir. 1983)).

Here, Plaintiff alleges that she was a third-party beneficiary of Allied's contract with the NJDOL and/or the State of New Jersey to provide security services at the One Stop building. (SAC ¶¶ 10, 23–25, 75.) However, Plaintiff does not point to any language in the contract showing she was an intended beneficiary, and she pleads no facts sufficient to overcome the presumption against third-party beneficiary rights under government contracts. *Jama*, 334 F. Supp. 2d at 687. Accordingly, Plaintiff's Section 1981 claim (Count Four) fails and must be dismissed.

C. Leave to Amend

Leave to amend should be freely granted absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, this Court already provided Plaintiff with an opportunity to cure the deficiencies in her First Amended Complaint, yet those deficiencies remain in the Second Amended Complaint. (D.E. 52, 54.) Because Plaintiff's claims are barred by the absence of an employer-employee relationship with Allied and by her failure to allege facts showing she is an intended beneficiary of Allied's security services contract, further amendment would be futile. Accordingly, Plaintiff's claims are dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Allied Universal's Motion to Dismiss is **GRANTED WITH PREJUDICE**. This case shall be closed. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
James B. Clark, U.S.M.J.